May I please the court? Mr. Aver, do you wish to reserve any time for rebuttal? Yes, I would like to go ten minutes and then five. Okay, thank you. You may commence. Thank you, Your Honor. The automatic stay is one of the fundamental protections under the bankruptcy code. Mr. Aver, in what might be a world-record time for the first question, can I get something out as well? There's an issue here that was not part of the briefing, and I don't want to derail you from the wonderful arguments you're going to make. But about four months ago, the United States Supreme Court issued an opinion about bankruptcy courts' non-pro-tunk powers, and I don't know if that's something that you intend to address today. From our viewpoint, one could make a distinction between the kind of common-law-ish non-pro-tunk power I think the Supreme Court was trying to address in that Roman Catholic Archdiocese v. Feliciano case versus a statutory power to annul a stay. But if you intend to argue the issue, I want to make sure that it's out there and we consider whether we need, for example, to let people file something about an issue that has come up. It is important because the Supreme Court's talked about it. You may not think it's pertinent. Mr. Bissell may not think it's pertinent. And again, not to derail the argument, but I just want to give you a chance to address it if you want to. Your Honor, I was not prepared to address that particular point. Okay. The automatic stay is one of the fundamental protections under the Bankruptcy Code. The automatic stay implements two primary goals. It prevents the dissipation of assets of the estate, and it enables the debtor to avoid a multiplicity of claims against the estate in different forms. Relief from stay to proceed with litigation in a non-bankruptcy form can be granted by the Bankruptcy Court for cause. Cause is not defined in the Bankruptcy Code. In broad brush strokes, because there are a multiplicity of factors a Bankruptcy Court could consider, and these came down beginning with the In re Curtis case out of the Bankruptcy Court in Utah, there are two polar opposite situations when it comes to seeking relief from stay to proceed with a lawsuit in a non-bankruptcy form. There are those situations where the non-bankruptcy action is on the verge of trial, and the debtor is the primary defendant. And there are those situations where the action has only recently been filed, and the debtor is not the primary defendant. Counsel, I agree with you. I think that there are typical situations, but is there any scenario where this particular claim doesn't have to be liquidated someplace? I'm sorry, Your Honor. I did not hear you. Does this claim not need to be liquidated someplace? Yes, Your Honor, and it does. And it's the position of the debtor that it needs to be liquidated. Well, the claim was filed. The claim was filed in the bankruptcy case. As a matter of fact, the claim was filed on July 30th, one day before the stay relief motion was filed. The claim was filed before plan confirmation. Indeed, after the claim was filed, there were objections to the plan. There was a motion to dismiss by the trustee, so on and so forth. But the claim that was filed, as the court knows from the record, was a zero claim. The claim was in a zero amount. Had the claim been in an amount that was larger than zero, then the debtor would have had two options. The debtor could have objected to the claim, or the debtor could have amended his plan, which the debtor ultimately did do. The plan, by the way, is a 100% plan, and the debtor could have addressed it either one of those two ways. So there was not an impediment to the bankruptcy court adjudicating this claim in the bankruptcy court. Well, isn't it also true there are several defendants, right? Yes, there are several defendants, but you may believe your client is one of the lesser defendants, and the plaintiff and moving party here may believe otherwise. Isn't that the reason why the most important thing to do here is to let somebody liquidate that claim with some speed? Is there any scenario in which this claim is going to get liquidated in the bankruptcy court? I have a hard time imagining one. Okay, thank you, Your Honor. Thank you for pointing that out. First of all, if you take a look at the stay-relief motion itself, and you look at the declaration in support of the stay-relief motion, there are three primary grounds for relief from stay. One of them is movement seeks recovery primarily from third parties. If you read the complaint itself, yes, there are six defendants, but if you look at the timeline involved in the complaint, the debtor came in toward the end of that timeline. The debtor was not present at the club where the parties were initially met and where they spent a significant amount of time. The debtor only came in much later at a time that only… So I think you should focus your time on that question. Okay, so the merits of the claim. The claim… Oh, no, I'm sorry. I'm sorry. Don't focus on the merits of the claim. Focus on where the claim should be litigated. Okay, well, the claim can and should be litigated in the bankruptcy court. The bankruptcy court is… this is not a situation where you need a specialized tribunal or a judge with some specialized knowledge. There are three causes of action. They are not complicated causes of action. One is negligence. And by the way, we all know that in adjudicating the claim, you have to also consider the fact that there may be a dischargeability complaint that comes on down the line. So even if the state court was the tribunal to adjudicate it, you're most likely going to be back in the bankruptcy court to litigate dischargeability. I mean, I… What about the statutory provision? I can't cite it to you from memory, but it's in the jurisdictional provisions that says that personal injury tort claims must be tried in the district court and not in the bankruptcy court. Isn't that going to cause a problem? That wouldn't cause a problem, Your Honor, because the district court would be more than capable of handling it. So you want three courts to handle this. You want one court in the state court to handle the co-defendants. You want the bankruptcy court to handle the bankruptcy and potentially the dischargeability piece, depending on what the withdrawal of reference is. And you want the district court to get involved too. Three courts? No, Your Honor. I submit you only really need one court to get involved here. Well, the overall problem involves Mr. Merriman and Mr. Merriman's…the people who were also sued in this state court action. But the state court cannot…has to resolve the issues as to everyone but Mr. Merriman. And as to Mr. Merriman, you want to bifurcate his financial problems and his personal injury problems and have two courts deal with them. That seems inefficient. The state court could certainly adjudicate the claims of the other defendants. Mr. Merriman could certainly be called as a witness in the state court action. You know, that sort of thing. The issues relating to Mr. Merriman are very, very narrow in comparison to the other defendants. But he's still going to be involved in that litigation. I mean, you just made the point. It isn't going to give him…they're going to be able to do discovery as to him in the state court. So now he's going to be subject to discovery in two courts, maybe three. They're going to be able to call him as a witness in the state court. That's not going to be stay violative. I mean, I just…even from your client's perspective, it sounds like it's becoming expensive. From a practical standpoint, Your Honor, being called as a witness in a case is very, very different from being a defendant. Being called a witness in a case is a very, very limited thing. And depending upon what the discovery is that is sought from the debtor, it could be very, very limited. Okay. Take that. Maybe that's true. Maybe it isn't. But what the bankruptcy judge tried to do here was ask that kind of a practical question. What's the most practical way to resolve this? And why was this decision erroneous? I think you have another way you would have liked him to do it, but what about this Woods error? I mean, this traffic cop function, I think, is an extremely practical one, and we're raising practical issues, and I think you're acknowledging some of them. It's very, very difficult to know the basis of the bankruptcy court's ruling because there really were no findings of fact or conclusions of law. That is pretty obvious. If you look at the transcript from the hearing, the substantive portion of the hearing is a paragraph at most. If you look, and then what happens is the order gets lodged, and there's an objection, and then you have the order itself, which has another sentence. But there really are no findings in which one can really understand what the bankruptcy court was thinking and how the bankruptcy court was thinking. So clearly, this matter needs to be remanded on that basis alone. I mean, there was no tentative ruling. There were no findings of fact. If you look at some of the opinions, for example, in Curtis, Judge Allen had an evidentiary hearing and then made his ruling. In some of the retroactive relief cases, for example, Judge Wilson issued an opinion where he laid out his findings of fact and conclusions of law. I can't, for the life of me, find any really weighing and balancing here at all. I think you're trying to go into the mind of the bankruptcy judge and try and figure out how you reach this determination, and we can all speculate on that, but it's not there for us to see. If you want to reserve your—oh, sorry, go ahead. I was going to say if you're— I think that in this particular circumstance, the statements by the court indicate that it indeed did do a balancing and indicated that judicial economy and the fact that there were multiple parties here involved were some prevalent reasons to find the cause existed here. And one of the issues that was addressed by my declaration to the motion was the fact that the claimant here is in no particular hurry to go and collect a judgment against this debtor. It's a question of wanting to make finding of facts and conclusions of law with respect to aspects that will then be potentially issue preclusion collateral estoppel in the bankruptcy case. We proffered without even trying to argue otherwise, just the motion at the outset that we will return and get the bankruptcy court's confirmation through what now I understand to be an adversary proceeding if we get that finding. If not, Merriman suffers no great prejudice here in having that case done. It's not a case where he's going to have to spend hundreds of thousands of dollars on experts. It's a question of some of the factual developments that will be determined in that case through witness testimony, depositions, and written discovery. This is a discretionary finding here, and the court clearly, it seems from the record, exercised that discretion and did so in analyzing the facts that were presented, took great pains in making sure that it was very particular with the objections. I tried to clarify the ordering of it due to the multiple documents you had to follow for it, but took great pains to make sure that it made findings to allow this to proceed without prejudicing the debtor too much, without him having the opportunity to argue that if a judgment even is found, he's protected against that through an adversary proceeding. Yes? The debtor, I think, is arguing implicitly that in their view of the world, this could go forward in some other court except as against Mr. Merriman as a defendant, and that would be somehow less prejudicial to him, and it would be figured out by some other court, in my view, impossibly the bankruptcy court, as to Mr. Merriman, maybe later or maybe concurrently. I'm assuming you would argue that would be highly prejudicial to the case that you want to try someplace. I mean, I think it would. I think there'd be issue, you know, I'd have to doubly research this, but I think there'd be issues where I would, am I able to then file a separate district court action at this stage, given the fact that the statute of limitations would effectively be passed? Would there be a relation back situation in that scenario if I filed in the district court? I don't think the bankruptcy court, I mean, the bankruptcy court is an excellent court, but I don't necessarily think it is geared towards handling these factual determinative issues in state court. We don't do personal injury. That's one of the beauties of our job, frankly, is we would, this fact pattern is difficult, and we don't do it. Without consent anyway, yeah. Right, right, and we wouldn't encourage consent. May I ask you about your proof of claim? Was it a zero proof of claim, and what's the implication of that? I will be frank. I was contacted by about three different sets of attorneys on Mary's behalf within the week of filing. I understood from reading some guides that I needed to at least then, now that I was aware of the bankruptcy case, put in a claim filing for my client, but it wasn't a liquidated one because we haven't gone to judgment. As far as I understood it, I was supposed to put down a blank in that form to not indicate a dollar amount because I had no idea what that dollar amount would be until it was liquidated because the exclusive amount of damages here that would be found in a state court action would be solely on a non-economic basis, which would mean that I have no even economics to be able to predict that amount. Granted, I believe if I was in a district court action, I may need to do some type of statement of damages, but with respect to the bankruptcy form, it was my understanding that I needed to just indicate a lack of knowledge at that point in time. So, it was the equivalent of saying unknown. Exactly. Okay. But the space for the amount was blank. It didn't affirmatively say zero. It was just blank. Because that hadn't been something at the forefront, I don't want to misspeak. I'd have to pull it up. Fair enough. Other than that, I think that the Curtis factors here are obviously by, I believe, this bankruptcy appellate. The bankruptcy appellate panel for the Ninth Circuit has been indicated that they're non-exclusive factors, and they are things that can be applied and determined without having to specifically sit there and say, well, Curtis factor number one was what I did in making my decision. I think court did that here. The court had great experience in this field and in this area of law and knew what those factors were. I'm sure he's heard thousands of these type of motions worth Curtis factors or whatnot, and he is describing the fact that judicial economy and multiple parties was a primary factor. As for the annulment issue, I just want to speak to that for a moment. A big aspect of the declaration that I filed as well as a supplemental declaration, the evidentiary value of that was to show that there really was no knowledge of this bankruptcy and to seek the annulment provisions for that purpose, given what statutory language is. While the bankruptcy court may not have specifically articulated that on the record at the hearing, in looking at the proposed order and knowing what they had already as evidentiary facts and law presented to it, it made the determination that annulment was appropriate, as has been applied in numerous scenarios. You brought that motion. Go ahead, Bill. As you know now, relief from stay really is a very limited inquiry. It's not intended to judge the merits of whatever is behind the motion. The fact that a lawsuit was filed is a historically significant fact. The judge doesn't have to try to guess the outcome. The judge has to figure out where in the judicial process does this really fit, and to what extent should the state continue to be an impediment to pursuing it, or how do we efficiently allow that to happen? I'm hearing what you're saying from that angle, and I think that's the angle that we would expect a bankruptcy court to look at. Correct, and we were in no way insisting that the bankruptcy court needed to make any factual findings at that stage. It's not a question at that point. About the underlying dispute. Correct. I mean, you know, I did hear opposing counsel start talking about the merits and going through the complaint as though now it's a timeline that they want to sign off on, and they did attach the complaint with its text message and everything to their declaration in support of their opposition. But notwithstanding all of that, it really was just a question of are the allegations there and the parties that are going to be involved procedurally are those things that are going to factor into what's the best form to figure these things out. Right. Thank you. Thank you. And I really don't have much else to say other than to answer any questions if there are any additional ones. Just at the timeline, you found out about this and you were contacted by a number of attorneys, so I'm sure that there was an oh my moment there, but you responded promptly. How quickly did you file the motion for state relief? Well, this was also an interesting thing was I filed a lawsuit on the 19th through the July 19th through our e-filing server. It apparently hit news before I even received the conformed copy back on the 24th. The day I get it back on the 24th, I get contacted by one set of attorneys. Then the next set a couple of days later, and now Mr. Obear has been handling it since then, while Mr. Merriman, I think, just filed a separate action somewhere else. Everything that I read was act as promptly as you could. I thought better to maybe make a couple of potential errors in my lack of bankruptcy knowledge, but we got it filed within seven days of having the complaint returned and having contact by opposing counsel, which, you know, we were hopeful that that was a good showing that we were intent on making sure that we didn't overstep anywhere or prejudice the debtor in any kind of way without having the adequate relief given by the bankruptcy court. All right. I have no further questions. None for me. Thank you very much. All right, Mr. Obear, you have three minutes and 36 seconds. Judge Gargis' question. The proof of claim, number seven, says how much is the claim, and it says $0.00. Does this amount include interest or other charges? No. That's paragraph seven of the proof of claim. Thank you. I didn't mean to get into the merits of the complaint. Merely what I was trying to show was that even though there are multiple parties, you can really – you don't really need – the vast majority of the parties really have nothing to do with merriment in this case. With regard to non-dischargeability, it's willful and malicious. That would – the bankruptcy court would have exclusive jurisdiction over that. Sure, you could try and litigate these things in state court. The only cause of action, by the way, there's three of them. Negligence wouldn't work for willful and malicious. And the Drug Dealer Liability Act, although it is really kind of a new kind of claim, seems to be a – something that's designed to affect drug dealers and really has nothing to do with the debtor. So the only cause of action here out of the three would be the battery claim. And having been involved in many, many cases that came down from state court, the bankruptcy court will have to get involved. So, Judge Taylor, you're at least going to have to – if you allow this to go forward in state court, you're going to at least have two courts that are going to have to deal with it. With regard to the claim, I admit that the district court would not have to get involved in this because the claim's been filed. It's a zero claim. Based upon that, the plan was amended and confirmed. And so the district court, I don't think, in this case, would have to get involved at all. So as far as judicial economy, by denying state relief and having the case adjudicated through a dischargeability action, you would just have the bankruptcy court and the bankruptcy court alone. So let me just tease that out. So your point is, notwithstanding our lack of jurisdiction to liquidate a claim for personal injury, here we would be reviewing the merits of a personal injury claim in a non-dischargeability context, and you think that's fine. I'm not disagreeing with you. Well, I don't think it's fine or not fine. It is the reality. I mean, the bankruptcy court has exclusive jurisdiction over willful and malicious 523A6 claims, and it would have so in this particular case. And the bankruptcy court frequently relies on the preclusive effect of what other courts do. Right. OK. I'm just trying to—a different question, but I see your point. OK. So while in this particular—I mean, in this particular case, if you look at it, there was no lawsuit filed as of the time of the bankruptcy, and it had only been filed at the time of the state relief motion, and no complaints served, no discovery, not at issue, et cetera, et cetera. So if judicial economy is your focus, there's no question that the judicial economy would be fostered here if the state relief was denied and the movement had to file a non-dischargeability complaint in order to get relief. Thank you very much for your argument. We appreciate the arguments from both parties, and this matter will be submitted. Thank you. Thank you. Thank you.
judges: Taylor, Faris, Lafferty